ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
CALENDAR: H
PAGE 1 of 11
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JEREMY JOHNSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. |
| ) | |
| RYDER TRUCK RENTAL, INC., ) | |
| RYDER TRANSPORTATION SERVICES ) | |
| ARAMARK SERVICES INC., and ) | |
| ARAMARK UNIFORM AND CAREER ) | |
| APPAREL INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JEREMY JOHNSON, by and through his attorneys, SHERWOOD LAW GROUP, LLC, and complains of the Defendants, RYDER TRUCK RENTAL, INC. and RYDER TRANSPORTATION SERVICES collectively hereinafter referred to as ("RYDER "), ARAMARK SERVICES INC. ("ARAMARK "), and ARAMARK UNIFORM AND CAREERAPPAREL INC. ("ARAMARK UNIFORM") states as follows:

### GENERAL ALLEGATIONS

1. At all times relevant herein, JEREMY JOHNSON, was an Indiana resident with his principal residence located in the City of East Chicago, State of Indiana.

2. At all times relevant herein, the Defendant, RYDER, was a corporation with its principal place of business located at 360 S. Northwest Highway, City of Park Ridge, State of Illinois.

3. At all times relevant herein, the Defendant, ARAMARK, was a corporation with its principal place of business located at 1101 Market Street, City of Philadelphia, State of

1



Pennsylvania with its local registered agent located 208 S. LaSalle St., Suite 814, City of Chicago, State of Illinois.

4. At all times relevant herein, the Defendant, ARAMARK UNIFORM, was a corporation with its principal place of business located at 115 N. First St., City of Burbank, State of California with its local registered agent located 208 S. LaSalle St., Suite 814, City of Chicago, State of Illinois.

5. On or about May 12, 2015, ARAMARK UNIFORM owned the property located at 4200 S. Halsted, City of Chicago, State of Illinois, specifically the docking and cage area wherein trucks are loaded hereinafter referred to as ("Property").

6. At all times relevant herein, JEREMY JOHNSON, was moving materials from the warehouse into a truck, hereinafter ("Truck"), located and parked on the Property.

7. On or about May 12, 2015, the Defendant, ARAMARK UNIFORM, had built, operated, maintained, secured, managed and controlled the Property.

8. On or about May 12, 2015, the Defendant, ARAMARK, had built, operated, maintained, secured, managed and controlled the Property.

9. On or about May 12, 2015, the Defendant, RYDER had owned, maintained, serviced or was responsible for the breaking system on the Truck.

10. Prior to May 12, 2015 RYDER, ARAMARK UNIFORM and ARAMARK knew about previous deficiencies to the Truck and the loading of materials on the Property on or before May 12, 2015.

11. On or about May 12, 2015, the Plaintiff intended to load materials and cages onto the Truck as part of his duties.

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 2 of 11

2

12. On or about May 12, 2015, the Plaintiff approached Truck to load a cage on the Property.

13. On or about May 12, 2015 as the Plaintiff approached Truck to load a cage the breaking system on the Truck failed and the Truck rolled forward without warning to the Plaintiff.

14. On or about May 12, 2015, as the Truck rolled forward the Plaintiff fell directly five feet from the loading dock directly to the ground.

### COUNT I – NEGLIGENCE AGAINST RYDER TRUCK RENTAL, INC. and RYDER TRANSPORTATION SERVICES

15. Plaintiff re-alleges and adopts paragraphs one (1) through fourteen (14) of the General Allegations as Paragraph Fifteen (15) of Count I.

16. On or about May 12, 2015, the Defendant, RYDER, had installed, conducted repairs, and maintained malfunctioning Truck within the Property.

17. On or about May 12, 2015, the Defendant, RYDER, failed to warn the Plaintiff of the dangerous and hazardous condition of the Truck.

18. On or about May 12, 2015, the Defendant, RYDER, by and through its agents, employees and servants did not properly repair and secure the Truck for safe usage by invitees, employees, and the public within the Property.

19. On or about May 12, 2015, the Defendant, RYDER, failed to properly inspect the Truck to determine whether it was proper for safe usage by invitees, employees, and the public within the Property.

20. The Defendant, RYDER, was responsible for maintaining, repairing, securing, and preventing the Truck from being unsafe for usage by invitees, employees, and the public within the Property.

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 3 of 11

3

21. Notwithstanding its duties, the Defendant, RYDER, by and through its agents, servants or employees committed the following negligent acts or omissions:

    a. Improperly maintained, supervised or controlled the Truck located at the Property that as a direct and proximate cause thereof Plaintiff was injured;

    b. Failed to react and prevent increased injury to Plaintiff following notification of Truck malfunction;

    c. Failed to supervise and monitor the condition of the Truck at the Property;

    d. Failed to inspect and repair the Truck located at the Property;

    e. Failed to have the Truck operating in a safe and usable condition at the Property;

    f. Failed to protect the Plaintiff from reasonable and foreseeable harm;

    g. Failed to repair and/or maintain the Truck located at the Property;

    h. Improperly trained or supervised its employees on how to use the Truck located at the Property;

    i. Failed to repair or install a working emergency breaking system on the Truck;

    j. Failed to repair, install or inspect the lift gate bridge and connection of the Truck to the dock on the Property;

    k. Cleared the Truck for public use when it was not safe to do so; and

    l. Was otherwise careless and negligent in the installation, repair, maintenance, inspection, and operating condition of the Truck at the Property.

22. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, RYDER, the Plaintiff, JEREMY JOHNSON, was greatly bruised and injured. Diverse bones, tissues, muscles and ligaments were torn, strained and injured. Said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 4 of 11

4

expend a considerable sum of money for medicines and medical care and attention and will, in the future, be obligated to pay out and expend large sums of money for care and attention. Plaintiff lost time and money from her employment as a result of the injury.

WHEREFORE, Plaintiff, JEREMY JOHNSON, prays for the judgment against the Defendant, RYDER TRUCK RENTAL, INC. and RYDER TRANSPORATION SERVICES, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and the costs of suit pursuant to Illinois Code of Civil Procedure.

### COUNT II – NEGLIGENCE AGAINST ARAMARK SERVICES INC.

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 5 of 11

23. Plaintiff re-alleges and adopts paragraphs one (1) through fourteen (14) of the General Allegations as Paragraph Twenty-Three (23) of Count II.

24. On or about May 12, 2015, the Defendant, ARAMARK, had installed, conducted a repair, and maintained a malfunctioning Truck and lift gate/docking bridge within the Property.

25. On or about May 12, 2015, the Defendant, ARAMARK, failed to warn the Plaintiff of the dangerous and hazardous condition of the Truck and lift gate/docking bridge.

26. On or about May 12, 2015, the Defendant, ARAMARK, by and through its agents, employees and servants did not properly repair and secure the Truck and lift gate/docking bridge or safe usage by invitees, employees, and the public within the Property.

27. On or about May 12, 2015, the Defendant, ARAMARK, failed to properly inspect the Truck and lift gate/docking bridge to determine whether it was proper for safe usage by invitees, employees, and the public within the Property.

28. The Defendant, ARAMARK, was responsible for maintaining, repairing, securing, and preventing the Truck and lift gate/docking bridge from being unsafe for usage by invitees, employees, and the public within the Property.

5

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 6 of 11

Notwithstanding its duties, the Defendant, ARAMARK, by and through its agents, servants or employees committed the following negligent acts or omissions:

  a. Improperly maintained, supervised or controlled the Truck located at the Property that as a direct and proximate cause thereof Plaintiff was injured;

  b. Failed to react and prevent increased injury to Plaintiff following notification of Truck malfunction;

  c. Failed to supervise and monitor the condition of the Truck at the Property;

  d. Failed to inspect and repair the Truck located at the Property;

  e. Failed to have the Truck operating in a safe and usable condition at the Property;

  f. Failed to protect the Plaintiff from reasonable and foreseeable harm;

  g. Failed to repair and/or maintain the Truck located at the Property;

  h. Improperly trained or supervised its employees on how to use the Truck and lift gate docking bridge located at the Property;

  i. Failed to repair or install a working emergency breaking system on the Truck;

  j. Failed to repair, install or inspect the lift gate bridge and connection of the Truck to the dock on the Property;

  k. Cleared the Truck and lift gate docking bridge for public use when it was not safe to do so; and

  l. Was otherwise careless and negligent in the installation, repair, maintenance, inspection, and operating condition of the Truck and lift gate docking bridge at the Property.

29. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, ARAMARK, the Plaintiff, JEREMY JOHNSON, was greatly bruised and injured. Diverse bones, tissues, muscles and ligaments were torn, strained and injured. Said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life.

6

Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention and will, in the future, be obligated to pay out and expend large sums of money for care and attention. Plaintiff lost time and money from her employment as a result of the injury.

WHEREFORE, Plaintiff, JEREMY JOHNSON, prays for the judgment against the Defendant, ARAMARK SERVICES INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and the costs of suit pursuant to Illinois Code of Civil Procedure.

### COUNT III – NEGLIGENCE AGAINST ARAMARK UNIFORM AND CAREER APPAREL INC.

30. Plaintiff re-alleges and adopts paragraphs one (1) through fourteen (14) of the General Allegations as Paragraph Thirty (30) of Count III.

31. On or about May 12, 2015, the Defendant, ARAMARK UNIFORM, had installed, conducted a repair, and maintained a malfunctioning Truck and lift gate/docking bridge within the Property.

32. On or about May 12, 2015, the Defendant, ARAMARK UNIFORM, failed to warn the Plaintiff of the dangerous and hazardous condition of the Truck and lift gate/docking bridge.

33. On or about May 12, 2015, the Defendant, ARAMARK UNIFORM, by and through its agents, employees and servants did not properly repair and secure the Truck and lift gate/docking bridge or safe usage by invitees, employees, and the public within the Property.

34. On or about May 12, 2015, the Defendant, ARAMARK UNIFORM, failed to properly inspect the Truck and lift gate/docking bridge to determine whether it was proper for safe usage by invitees, employees, and the public within the Property.

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 7 of 11

7

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 8 of 11

35. The Defendant, ARAMARK UNIFORM, was responsible for maintaining, repairing, securing, and preventing the Truck and lift gate/docking bridge from being unsafe for usage by invitees, employees, and the public within the Property.

Notwithstanding its duties, the Defendant, ARAMARK UNIFORM, by and through its agents, servants or employees committed the following negligent acts or omissions:

    m. Improperly maintained, supervised or controlled the Truck located at the Property that as a direct and proximate cause thereof Plaintiff was injured;

    n. Failed to react and prevent increased injury to Plaintiff following notification of Truck malfunction;

    o. Failed to supervise and monitor the condition of the Truck at the Property;

    p. Failed to inspect and repair the Truck located at the Property;

    q. Failed to have the Truck operating in a safe and usable condition at the Property;

    r. Failed to protect the Plaintiff from reasonable and foreseeable harm;

    s. Failed to repair and/or maintain the Truck located at the Property;

    t. Improperly trained or supervised its employees on how to use the Truck and lift gate docking bridge located at the Property;

    u. Failed to repair or install a working emergency breaking system on the Truck;

    v. Failed to repair, install or inspect the lift gate bridge and connection of the Truck to the dock on the Property;

    w. Cleared the Truck and lift gate docking bridge for public use when it was not safe to do so; and

    x. Was otherwise careless and negligent in the installation, repair, maintenance, inspection, and operating condition of the Truck and lift gate docking bridge at the Property.

36. As a direct and proximate result, in whole or in part of one or more of the above-mentioned wrongful acts or omissions of the Defendant, ARAMARK UNIFORM, the Plaintiff,

8

JEREMY JOHNSON, was greatly bruised and injured. Diverse bones, tissues, muscles and ligaments were torn, strained and injured. Said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention and will, in the future, be obligated to pay out and expend large sums of money for care and attention. Plaintiff lost time and money from her employment as a result of the injury.

WHEREFORE, Plaintiff, JEREMY JOHNSON, prays for the judgment against the Defendant, ARAMARK UNIFORM AND CAREERAPPAREL INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and the costs of suit pursuant to Illinois Code of Civil Procedure.

### COUNT IV – WILFUL AND WANTON AGAINST ARAMARK SERVICES INC.

37. Plaintiff re-alleges and adopts paragraphs one (1) through fourteen (14) of the General Allegations as Paragraph Twenty-Three (23) of Count II.

38. On or about May 12, 2015, the Defendant, ARAMARK, had installed, conducted a repair, and maintained a malfunctioning Truck and lift gate/docking bridge within the Property.

39. On or about May 12, 2015, the Defendant, ARAMARK, failed to warn the Plaintiff of the dangerous and hazardous condition of the Truck and lift gate/docking bridge.

40. On or about May 12, 2015, the Defendant, ARAMARK, by and through its agents, employees and servants did not properly repair and secure the Truck and lift gate/docking bridge or safe usage by invitees, employees, and the public within the Property.
ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 9 of 11

41. On or about May 12, 2015, the Defendant, ARAMARK, failed to properly inspect the Truck and lift gate/docking bridge to determine whether it was proper for safe usage by invitees, employees, and the public within the Property.

42. The Defendant, ARAMARK, was responsible for maintaining, repairing, securing, and preventing the Truck and lift gate/docking bridge from being unsafe for usage by invitees, employees, and the public within the Property.

43. The Defendant ARAMARK, had knowledge prior to the incident the Truck and loading area was dangerous and hazardous via injuries to their employees.

44. The Defendant ARAMARK, had knowledge prior to the incident that the Truck had an emergency breaking system that had previously failed causing the Truck to roll.

45. The Defendant ARAMARK had knowledge prior to the incident the shifting mechanism on the Truck had previously failed causing the Truck to roll.

46. Notwithstanding its duties, the Defendant, ARAMARK, by and through its agents, servants or employees committed the following negligent acts or omissions:

   a. Knowingly and intentionally failed to supervise the Plaintiff in loading materials on the Truck;
   b. Knowingly and intentionally failed to maintain or control the Truck located at the Property that as a direct and proximate cause thereof Plaintiff was injured;
   c. Knowingly and intentionally failed to inspect and repair the Truck located at the Property;
   d. Knowingly and intentionally failed to have the Truck operating in a safe and usable condition at the Property;
   e. Knowingly and intentionally failed to protect the Plaintiff from reasonable and foreseeable harm;
   f. Knowingly and intentionally trained or supervised its employees on how to use the Truck and lift gate docking bridge located at the Property;
   g. Knowingly and intentionally failed to repair or install a working emergency breaking system on the Truck;
   h. Knowingly and intentionally failed to repair or install a proper shifting system on the Truck;
   i. Knowingly and intentionally failed to repair, install or inspect the lift gate bridge and connection of the Truck to the dock on the Property;

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 10 of 11

10

ELECTRONICALLY FILED
5/10/2017 1:50 PM
2017-L-004760
PAGE 11 of 11

46. As a direct and proximate result, in whole or in part of one or more of the above-mentioned willful and wanton acts or omissions of the Defendant, ARAMARK, the Plaintiff, JEREMY JOHNSON, was greatly bruised and injured. Diverse bones, tissues, muscles and ligaments were torn, strained and injured. Said injuries will result in the permanent disability of the Plaintiff. These injuries caused the Plaintiff to experience the loss of his normal enjoyment of life. Plaintiff suffered pain, shock, and became sick and disabled during which time he was caused to expend a considerable sum of money for medicines and medical care and attention and will, in the future, be obligated to pay out and expend large sums of money for care and attention. Plaintiff lost time and money from her employment as a result of the injury.

WHEREFORE, Plaintiff, JEREMY JOHNSON, prays for the judgment against the Defendant, ARAMARK SERVICES INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and the costs of suit pursuant to Illinois Code of Civil Procedure.

Respectfully Submitted,

SHERWOOD LAW GROUP

*Jason Sherwood*

JASON H. SHERWOOD
Attorney for the Plaintiff

SHERWOOD LAW GROUP LLC
218 N. Jefferson St., Ste. 401
Chicago, Illinois 60661
P: 312.627.1650
F: 312.648.9503
Atty. No: 47294

 **CT Corporation**

**Service of Process Transmittal**
05/12/2017
CT Log Number 531219794

**TO:** Ed Friedler, Assistant General Counsel
Aramark
115 North First Street
Burbank, CA 91502-

**RE:** Process Served in Illinois

**FOR:** ARAMARK Uniform & Career Apparel, LLC (Domestic State: DE)

**RECEIVED**

**MAY 15 2017**

**LEGAL DEPT.**

**(BURBANK, CA)**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeremy Johnson, Pltf. vs. Ryder Truck Rental, Inc., et al., Dfts. // To: ARAMARK Uniform and Career *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), List, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2017L004760 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 05/12/2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/12/2017 at 12:00 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jason H. Sherwood
Sherwood Law Group LLC
218 N. Jefferson St.
Ste 401
Chicago, IL 60661
312-627-1650 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1Z0399EX0128672698

Image SOP

Email Notification, Ed Friedler  Friedler-Ed@aramark.com

Email Notification, Brian Casey  Casey-Brian@aramark.com

Email Notification, Jewel Clay  Clay-Jewel@aramark.com

Email Notification, Steven Friedman  Friedman-Steven@aramark.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street
Suite 814
Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

**EXHIBIT B**

Page 1 of 2 / PC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
05/12/2017
CT Log Number 531219794

**TO:** Ed Friedler, Assistant General Counsel
Aramark
115 North First Street
Burbank, CA 91502-

**RE:** **Process Served in Illinois**

**FOR:** ARAMARK Uniform & Career Apparel, LLC (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter | By Certified Mail on 01/22/2016 at 11:51 postmarked on 01/18/2016 | Ed Friedler, Assistant General Counsel ARAMARK Corporation | 528515675 |

Page 2 of 2 / PC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.